United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT JOHN FREEMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DELTA AIR LINES, INC.,<br><br>　　　　Defendant.<br>　_____ / | No. C 13-04179 JSW |
| ALBERT JOHN FREEMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED PARCEL SERVICE, INC. and<br>UNITED PARCEL SERVICE OF AMERICA,<br>INC.,<br><br>　　　　Defendants.<br>　_____ / | No. C 14-01862 JSW<br><br>**ORDER DENYING MOTION TO INTERVENE AND GRANTING MOTION TO CONSOLIDATE THE *MARKMAN* PROCEEDINGS AND CONFIRMING THE SCHEDULE** |

　　Now before the Court is Defendants United Parcel Service Inc. and United Parcel Service of America, Inc.'s ("UPS") motion to intervene, or in the alternative, to consolidate the *Markman* proceedings and Plaintiff Albert John Freeman's ("Plaintiff") request to confirm the original claim construction schedule in the later-filed matter.  The Court has carefully reviewed the parties' papers, considered their arguments, and the relevant legal authority, and finds the motions suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the Court VACATES the hearing scheduled for December 5, 2014, DENIES

UPS's motion to intervene, GRANTS UPS's motion to consolidate the *Markman* proceedings for the above-captioned cases and GRANTS Plaintiff's request to confirm the original *Markman* proceedings schedule set in the UPS case, which will now serve as the schedule for the consolidated *Markman* proceedings.

**BACKGROUND**

Plaintiff filed two separate actions, against Defendant Delta Air Lines, Inc. ("Delta") and Defendant UPS, alleging patent infringement for his 5,661,284 patent ("the '284 Patent"). These two actions were related by order dated June 12, 2014.

On September 9, 2013, Plaintiff brought a patent infringement action against Delta ("Delta Case"). In the Delta Case, the parties filed a Joint Claim Construction and Prehearing Statement on August 15, 2014, and set the claim construction tutorial and hearing for December 11, 2014 and December 18, 2014, respectively. Plaintiff filed his opening claims construction brief for the Delta Case on September 29, 2014. The next day, on September 30, 2014, UPS moved to intervene, or in the alternative, to consolidate the claim construction proceedings for the two cases.

Plaintiff filed his patent infringement action against UPS on April 23, 2014 ("UPS Case"). On September 5, 2014, this Court set the case management schedule, including the claim construction tutorial on April 20, 2015 and the *Markman* hearing on April 27, 2015.

On October 10, 2014, a Clerk's Notice ("October Notice") was issued by this Court changing the dates for the claim construction tutorial and hearing, in both the Delta and UPS cases, to February 12 and 19, 2015, respectively. Plaintiff argues that the October Notice was intended to modify solely the *Markman* schedule in the Delta Case, and not in the UPS Case. Therefore, Plaintiff requests the Court to confirm, or reset, the *Markman* schedule for the UPS Case, to the dates originally set by the Court at the initial case management conference.

The Court addresses additional facts as necessary in the remainder of this Order.

**ANALYSIS**

**A.     Intervention as of Right.**

UPS moves to intervene under Federal Rule of Civil Procedure 24(a), intervention of right, and under Rule 24(b), for permissive intervention.

Pursuant to Federal Rule of Civil Procedure 24(a), an applicant seeking to intervene in a pending lawsuit "as of right" must demonstrate that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.'" *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal citations omitted). An applicant must satisfy all four of these requirements. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

In evaluating these requirements, courts "are guided primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts generally construe conflicts in favor of intervention. *United States ex. rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). "By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court." *Forest Conservation Council v. U.S. Forest Serv.,* 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (citation omitted).

**1.     UPS Does Not Have A Significant Protectable Interest in the Delta Action.**

"The requirement of a significantly protectable interest is generally satisfied when the 'interest is protectable under some law, and . . . there is a relationship between the protected interest and the claims at issue." *Arakaki*, 324 F.3d at 1084 (quoting *Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). A protectable interest is "a statutory, contract, or constitutional interest in [the] litigation." *Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 650 (N.D. Cal. 2004). To demonstrate a significant protectable interest, the proposed intervenor must demonstrate that the "relief sought by the plaintiffs will have direct,

3

1 immediate, and harmful effects upon [the proposed-intervenors'] legally protectable interests."
2 *Southwest Center for Biological Diversity v. Berg*, 268 F.2d 810, 818 (9th Cir. 2011) (quoting
3 *Forest Conservation Council*, 66 F.3d at 1494). Therefore, to determine whether a party has a
4 sufficient interest relating to the transaction, a court must consider: (1) whether the asserted
5 interest is "protected under some law" and (2) whether there is a "relationship" between the
6 legally protected interest and the claims at issue. *Green v. United States*, 996 F.2d 973, 976
7 (9th Cir. 1993).

8 In *PPC Broadband, Inc. v. Corning Optical Commc'n RF, LLC*, 2014 WL 4199244
9 (N.D.N.Y. Aug. 21, 2014), the plaintiff PPC Broadband filed two separate patent infringement
10 suits against Corning Optical and Times Fiber. Times Fiber moved to intervene in the Corning
11 Optical action solely for the purpose of objecting to the proposed claim construction. *Id.* at *4.
12 The court found that because the patents at issue were owned by the plaintiff, the proposed-
13 intervenor "had not demonstrated any legally recognized interest that would be affected if it
14 were prevented from intervening in this action, and, even if it had, no ruling on claim
15 construction here would be binding in PPC's action against Times Fiber." *Id.* The court held
16 that the court in the later-filed case would be free to "make [its] own independent assessment of
17 claim construction" and Times Fiber would, in its own proceedings, "be given a full opportunity
18 to present proposed constructions it now contends the court has yet to consider, and, if
19 necessary, to argue that any claim construction issued in this case cannot be supported." *Id.* at
20 *7.

21 Here, UPS contends that it has a protectable interest "in defending against [Plaintiff's]
22 patent" in the Delta Case as it seeks to present additional evidence, including expert opinion, to
23 present alternative claim constructions to those being offered by Plaintiff and Delta. (UPS Mot.
24 to Shorten Time at 2.) However, just as in *PPC Broadband*, this Court finds that UPS has no
25 legally protectable interest in the Delta Case because UPS has no interest in either the '284
26 Patent or in Delta's accused instrumentality.

27 Even if UPS were found to have a protectable interest in the Delta Case's *Markman*
28 proceedings, UPS fails to show that the resolution of these proceedings would result in

4

immediate and harmful effects in its own case.  The Court finds that UPS will have the opportunity both to present its own claim constructions and to challenge those of Plaintiff and Delta in its separate proceedings.

Therefore, the Court finds that UPS has not shown a significant protectable interest in the subject matter of the Delta Case.

### 2. The Disposition of the Delta Case Does Not Impair or Impede UPS's Ability to Protect Its Interests.

The Ninth Circuit approaches the "impair or impede" requirement pragmatically: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Berg*, 268 F.2d at 822 (quoting Federal Rule of Civil Procedure 24 advisory committee's notes).

UPS argues that the Court will mechanically adhere to its claim construction rulings from the Delta Case with respect to the '284 Patent, which will be applied to UPS's Case without hearing UPS's alternate construction arguments.  UPS argues that once the Court construes patent claims, these legal determinations will be considered final as against any future accused infringers.

In *Rambus*, this district construed patent terms in two cases between the same plaintiff and defendant and in the subsequent case, defendants disputed the amount of deference that should be accorded the court's prior decision.  *Rambus Inc. v. Hynix Semiconductor Inc.,* 569 F. Supp. 2d 946, 963 (N.D. Cal. 2008).  The court found that "additional litigation can refine and sharpen the court's understanding of an invention and that a second court should *not* defer to a prior court's claim construction without questioning its accuracy."  *Id.* at 956 (quoting *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1329 (Fed. Cir. 2008)).  "The prevailing notion among the district courts and the *Finisar* court is that it is better to get a claim construction right than it is to get a claim construction settled."  *Id.*  Therefore, the district court in *Rambus*, held that "this court will initially treat its prior constructions as correct, but consider the [defendants'] arguments as to why a construction in [the previous case] should be modified."  *Id.* at 967.

5

Here, UPS argues that its "inability to participate in the construction of key terms of the asserted patent [in the Delta Case] could, as a practical matter, substantially disadvantage UPS in its co-pending case" because it cannot "present additional evidence and alternative claim constructions" to those being offered by Plaintiff and Delta. (Mot. at 5, 7.) However, pursuant to the holdings in *Finisar* and *Rambus*, the Court finds that UPS may challenge Plaintiff and Delta's claim constructions in its own *Markman* proceedings and would therefore suffer no disadvantage.

Accordingly, the Court finds that UPS's interest, if any, is neither impeded nor impaired by not allowing UPS to intervene in the Delta Case.

### 3. UPS's Application is Timely.

In determining timeliness, a court must weigh (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of any delay. *United States v. Oregon*, 913 F.2d 576, 588-89 (9th Cir. 1990). The relevant question is not whether a party seeking to intervene "might have moved to intervene somewhat earlier" or "sometime before it actually did," but rather whether the proposing-intervenor "sought to intervene too late." *Nikon Corp.*, 222 F.R.D. at 650.

It is still relatively early in the proceedings, as Plaintiff has only filed his opening *Markman* brief.

Further, UPS argues that moving to intervene at this stage of the proceedings will not cause parties any prejudice because "[t]he Court has not substantively addressed the merits of the claim construction or any party's substantive contentions." (Mot. at 5.) Plaintiff contends prejudice from the delay caused to Plaintiff and Delta, who will have to revise their briefs to address UPS's claim constructions. However, Delta does not object to UPS's intervention or revised schedule, and, regardless, Plaintiff will have to undertake these same procedures under the local patent rules for the *Markman* proceedings in the UPS Case.

Still, Plaintiff contends that he will nevertheless suffer prejudice from UPS's intervention because claim constructions are infringement-specific. Plaintiff argues that he intends to present different claim construction arguments according to the different allegedly

6

1    infringing systems.  Given that the Delta and UPS instrumentalities are different, Plaintiff
2    contends that a joint tutorial and hearing would be confusing.  However, courts have held that
3    the "words of the claims are construed independent of the accused product, in light of the
4    specification, the prosecution history and the prior art."  *Union Oil Co. of California v. Atlantic*
5    *Richfield Co.*, 208 F.3d 989, 995 (Fed. Cir. 2000) (quoting *Scripps Clinic v. Genentech, Inc.*,
6    927 F.2d 1565, 1580 (Fed. Cir. 1991), overruled on other grounds, *Abbott Laboratories v.*
7    *Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009)).  Accordingly, the process of claim construction
8    is intended to flesh out the scope of the issued patent, and should neither vary drastically nor be
9    tailored according to the accused infringer or its instrumentalities.  This Court rejects Plaintiff's
10   contention that it will suffer prejudice as a result of UPS's intervention.

11   Finally, UPS provides that the length and reason for its delay in moving to intervene
12   were due to Plaintiff serving his infringement contentions on UPS on September 19, 2014.
13   Plaintiff contends that UPS knew of the claim terms at issue in the Delta Case, due to Plaintiff
14   and Delta's joint claim construction statement filed on August 15, 2014.  The Court finds that
15   although UPS knew of the terms that were at issue in the Delta Case, it could not have been
16   aware of the terms at issue in its own case until it received Plaintiff's infringement contentions.
17   Therefore, it was reasonable for UPS to submit its motion eleven days after receiving Plaintiff's
18   infringement contentions.  Given these facts, the Court finds that the UPS's motion was timely.

19   **4.    Plaintiff and Delta May Not Adequately Represent UPS's Interests.**

20   The Ninth Circuit has identified three factors to consider when determining whether
21   existing parties adequately represent an intervenor applicant's interest: "(1) whether the interest
22   of a present party is such that it will undoubtedly make all of the intervenor's arguments; (2)
23   whether the present party is capable and willing to make such arguments; and (3) whether the
24   would-be intervenor would offer any necessary elements to the proceedings that other parties
25   would neglect."  *City of Los Angeles*, 288 F.3d at 398 (citations omitted).  The requirement "is
26   satisfied if the applicant shows that representation of his interest 'may be' inadequate."
27   *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).  The burden of making this
28

7

showing is minimal. *Id.* The rule permitting intervention is interpreted broadly. *See Forest Conservation Council*, 66 F.3d at 1493.

UPS argues that its interests are not adequately represented by Delta because UPS intends to offer different proposed claim constructions for key terms and intends to rely on expert testimony to construe certain claims. The Court has already found that this is not a sufficient basis for intervention. More importantly, UPS has the opportunity to offer different claim constructions, supported by expert testimony, during its own claim construction proceedings.

The Court finds that UPS has failed to establish the requirements to intervene as of right, and DENIES UPS's motion for intervention as of right.

**B.      Permissive Intervention.**

Pursuant to Federal Rule of Civil Procedure 24(b), "[a]n applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 158 F.3d at 412; *see also Canatella v. California*, 404 F.3d 1106, 1117 (9th Cir. 2005) ("Permissive intervention to litigate a claim on the merits under Rule 24(b) requires . . . an independent ground for jurisdiction.") (citation omitted). "Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims." *Secs. & Exch. Comm'n v. Everest Mgmt. Corp.,* 465 F.2d 1236, 1240 (2d Cir. 1972).

Claim construction is a question of law and accordingly the Court finds that the claim construction of Plaintiff's patent is a common question of law that UPS shares with the Delta Case. As discussed above, UPS's motion is sufficiently timely. Finally, this Court has an independent basis for jurisdiction because "district courts . . . have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . ." 28 U.S.C. § 1338(a). Therefore, UPS satisfies all of the terms for permissive intervention and may intervene at this Court's discretion. However, the Court finds that consolidation of the claims construction

8

1 proceedings would be the more appropriate means to achieve the same objectives sought by
2 UPS.

3    Accordingly, the Court DENIES UPS's motion for permissive intervention.

**C.   UPS's Request to Consolidate.**

In the alternative, UPS seeks to consolidate the above captioned actions, for the limited purpose of conducting joint *Markman* proceedings, pursuant to the Federal Rule of Civil Procedure 42.  Pursuant to that rule:

> When actions involving *a common question of law or fact* are pending before the court, it may *order a joint hearing* or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a) (emphasis added).  "Consolidation under Rule 42(a) does not automatically merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties to the other." *Wilbur v. Superior Concrete Accessories*, 217 F. Supp. 600, 602 (N.D. Cal. 1963) (citations omitted).

The Court has broad discretion to determine whether or not to consolidate matters.  *See Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 806-07 (N.D. Cal. 1989).  In determining whether to consolidate, a court must "weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Id.* at 807; *see also Paxonet Commc'ns v. Transwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (consolidating two cases, which shared a number of common questions of law and fact, would "serve judicial efficiency").

The Court finds that it would indeed promote judicial efficiency to consolidate the tutorial and *Markman* proceedings in the Delta and UPS Actions because the same patent terms are at issue in the two cases.  On September 19, 2014, UPS received Plaintiff's infringement contentions, asserting infringement of claims 23, 26, 29, and 31 of the '284 Patent.  (*See* Declaration of Danielle Coleman.)  UPS asserts that Plaintiff accuses Delta of infringing all the same claims as UPS, with the addition of claim 21 in Delta's Case.  Therefore, the claims

9

1    Plaintiff brings against Delta are identical to those against UPS, except that the Delta Action
2    may cover additional terms.
3        Specifically, UPS moves for the limited purpose of participating in the claim
4    construction of four specific terms in Plaintiff's patent: "graphic figurecode, graphic product
5    I.D. figurecode, graphic I.D. figurecode, and graphic trigger figurecode." (Mot. at 10.)
6    Because most of the same terms disputed in the Delta Case are at issue in the UPS litigation,
7    there will be a substantial overlap in factual and legal determinations for claim constructions in
8    the two cases. In addition, the consolidation of the related cases for claims construction
9    purposes will not pose a substantial delay or prejudice, as the consolidated proceedings will
10   occur only two months after those currently scheduled for the Delta Case. The Court finds that
11   any potential for delay, confusion, or prejudice would be outweighed by serving the interests of
12   judicial efficiency.
13       Plaintiff argues that consolidation should be denied because this Court previously
14   denied Delta's motion to consolidate. However, this argument fails because Delta's previous
15   motion to consolidate concerned two completely different cases, *Freeman v. Starbucks Corp.*,
16   Case No. 13-cv-04397 (EMC) and *Freeman v. Walgreens Co.*, Case No. 13-cv-05056 (JSW).
17   Further, Plaintiff argues that the UPS is barred from consolidated by the American Invents Act
18   (AIA), which amends 35 U.S.C. Section 299 to read: "accused infringers may not be joined in
19   one action as defendants . . . or have their actions consolidated *for trial*, based solely on
20   allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299
21   (emphasis added). However, the AIA does not refer to pre-trial consolidation, and because UPS
22   seeks to consolidate only the *Markman* proceedings, the AIA does not apply here.
23       The Court finds that consolidation is warranted and therefore GRANTS UPS's motion
24   to consolidate these actions for the purpose of the *Markman* hearing and tutorial, with the first-
25   filed as the lead case. Civil Action No. C 13-04179 JSW shall constitute the Master File for
26   every action in the consolidated *Markman* proceedings. The Court HEREBY ORDERS claim
27   construction for the consolidated cases shall be limited to ten claim terms total, pursuant to the
28   Court's Standing Order on Patents.

10

The Court has reviewed Plaintiff's motion to reset or confirm the claim construction schedule in the UPS Action and UPS's opposition. (Dkt. 46, 47.) Pursuant to the consolidation, the Court GRANTS Plaintiff's request to reset the claim construction schedule in the UPS Case. The Court HEREBY RESETS the *Markman* tutorial and hearing, for above-captioned parties, in both matters to April 23, 2015 and April 30, 2015, respectively. This shall provide parties with sufficient time to meet the necessary requirements under Patent Local Rules. The rest of the claim construction schedule for the consolidated case will track the original schedule set by Plaintiff and UPS in their Joint Case Management Statement and adopted by the Court at the September 5, 2014. (Dkt. 31 at 7.)

## CONCLUSION

For the reasons stated above, the Court DENIES UPS's motion to intervene. The Court GRANTS UPS's alternative motion to consolidate the *Markman* proceedings in the UPS and Delta Cases. Accordingly, IT IS HEREBY ORDERED that the above-captioned two actions are hereby consolidated for claim construction proceeding purposes pursuant to Federal Rule of Civil Procedure 42(a). The file in Civil Action No. C 13-04179 JSW shall constitute the Master File for every action in the consolidated *Markman* proceedings and every filing in the consolidated action shall denote the lead case number above the consolidated case number. Duplicate originals need not be filed in the associated case.

In light of the foregoing, IT IS FURTHER ORDERED that the consolidated *Markman* tutorial and hearing previously set in both cases on this Court's calendar for February 12, 2015 at 1:30 p.m. and February 19, 2015 at 10:00 a.m. are HEREBY RESET for April 23, 2015 at 10:00 a.m. and April 30, 2015 at 10:00 a.m.

**IT IS SO ORDERED.**
Dated: November 10, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

11

Case 4:13-cv-04179-JSW   Document 89   Filed 11/10/14   Page 12 of 12