IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALBERT JOHN FREEMAN,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.

No. C 13-04179 JSW

**ORDER RE MOTION FOR SANCTIONS**

    Now before the Court is the motion for sanctions against Plaintiff's counsel filed by Defendant Delta Airlines, Inc. ("Defendant"). The Court finds that this matter is appropriate for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 10, 2017 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court hereby DENIES the motion to disqualify counsel with a strong reprimand to cease all activity related to contacting Defendant's employees.

    It appears from the record submitted in this matter, that counsel for Plaintiff, John Carpenter and Charles Kulas, contacted Louis Naber, a contractor for Delta, either for the purpose of engaging him as an expert witness or to query him about contents of documents produced in this litigation.[1] Without needing to resolve the factual discrepancies in the record,

---

[1] The Court has reviewed the entire record, including the sur reply and the sur-sur reply. The parties should work to agree to the terms of their submissions without requiring the interference of this Court for every minor squabble. Should the parties not be able to

it is clear that Naber's employment status was imminently discoverable from LinkedIn or from querying him directly. Accordingly, the Court imputes knowledge of his employment status to Plaintiff's counsel. The record also indicates that Naber is not an officer or director for Defendant nor is there evidence that the subject matter of counsels' queries could be imputed to Defendant as a matter of law.

What is clear from the record submitted by the parties is that counsel for Plaintiff twice contacted an employee for Defendant. There is no question that the conduct is inappropriate and under no circumstances should it be permitted to continue. However, the remedy sought by Defendant to disqualify counsel pursuant to California Rule of Professional Conduct 2-100 ("Rule 2-100") is not appropriate either. Rule 2-100 currently provides that "[w]hile representing a client, a member [of the bar] shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." For purposes of the Rule, the definition of a "party" includes an "officer, director, or managing agent" or "an employee . . . if the subject of the communication is any act or omission of such person in connection with the matter which may be binding upon or imputed to the organization for purposes of civil [] liability or whose statement may constitute an admission on the part of the organization." *Id.*

The scope of Rule 2-100 is clear: "[R]ule 2-100 permits opposing counsel to initiate ex parte contacts with . . . present employees (other than officers, directors of managing agents) who are not separately represented, so long as the communication does not involve the employee's act or failure to act in connection with the matter which may bind the corporation, be imputed to it, or constitute an admission of the corporation for purposes of establishing liability." *Snider v. Superior Court*, 113 Cal. App. 4th 1187, 1202 (2003) (citing *Triple A Machine Shop, Inc. v. State of California*, 213 Cal. App. 3d 131, 140 (1989)). The Rule

---

cooperate effectively in the eventual presentation of this matter for final adjudication on the merits, the Court may require the hiring of a Special Master to regulate the conduct of the parties before submissions to the Court and charge the cost of such services to the party creating the need for them.

2

prohibits contact with employees of the opposing party in litigation who are in the control group (*i.e.*, officers or directors) or communications with employees not in the control group about subject matter that "is the employee's act of failure to act in connection with the matter at issue, *and* that act or failure to act could bind the organization, be imputed to it, *or* if the employee's statement could constitute an admission against the organization." *Id*. at 1203 (emphasis in original). Although Defendant submits evidence that the Rule may change to include an agent or other constituent of the organization within its scope, but regardless the agent would need to be able to bind the organization. *See* Supplemental Declaration of Alexander Solo, Ex. 3 at 15.) The Rule only restricts ex parte communications with the control group of employees or if the subject matter of the communication can be imparted to the organization. *See also United States v. Sierra Pacific Industries*, 857 F. Supp. 2d 975, 980-81 (E.D. Cal. Nov. 18, 2011) (Rule 2-100 applies to officers and directors as well as subject matter that may constitute admissions by agents of requisite authority to bind the organization). As the record now stands, although Naber is an employee of Defendant as a contractor, there is no indication that he is a member of the control group of employees or that the subject matter of the communications with Plaintiff's counsel could serve to bind Defendant. Accordingly, the Court must DENY Defendant's motion to disqualify counsel for violation of Rule 2-100.

However, the Court remains concerned about the conduct of Plaintiff's counsel in this matter. The Court admonishes counsel that it will strictly apply all rules of ethics and common sense. There is ample case law indicating that in cases where an attorney has reason to believe that an employee of a represented organization might be covered by Rule 2-100, "that attorney is well advised to either conduct discovery or communicate with opposing counsel concerning the employee's status before contacting the employee. A failure to do so may, along with other facts, constitute circumstantial evidence that an attorney had actual knowledge that an employee fell within the scope of rule 2-100. It might further provide support for a more drastic sanction if a violation of rule 2-100 is found. Further, [] once actual contact is made, an attorney should first ask questions that would establish the employee's status within an organization before moving to substantive questions." *Snider*, 113 Cal. App. 4th at 1215-16. It is clear here that no

3

such precautions were followed by Plaintiff's counsel. They skirted the edge of the ethical rule, but did not baldly violate it. The Court will not impose the sanction of disqualifying counsel from this matter at this time, but finds that the unnecessary expense of having to bring this motion should be reimbursed to Defendant. Accordingly, Defendant shall submit a declaration by no later than February 10, 2017 setting out its fees and costs incurred with the filing of its motion for sanctions. Plaintiff may file a response to that declaration by no later than February 17, 2017. Thereafter, the Court shall issue an order on the amount of reimbursement.

Counsel are hereby admonished that any future failure to follow their ethical and professional obligations will result in the imposition of severe sanctions.

**IT IS SO ORDERED.**

Dated:   January 31, 2017

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE